```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT
```

UNITED STATES OF AMERICA          :
                                  :
                                  :
          v.                      :     File No. 2:01-cr-55-1
                                  :
                                  :
JOHN M. CARTER,                   :
     Defendant                    :

### ORDER

The Report and Recommendation of the United States Magistrate Judge was filed March 24, 2006. Petitioner's objection was filed April 24, 2006.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Perez-Rubio v. Wyckoff*, 718 F.Supp. 217, 227 (S.D.N.Y. 1989). The district judge may "accept, reject, or modify, in whole or in part, the magistrate's proposed findings and recommendations." *Id.*

After careful review of the file, the Magistrate Judge's Report and Recommendation and the objections, this Court ADOPTS the Magistrate Judge's recommendations in full.

In particular, the Court adopts the Magistrate Judge's findings-and clarifies its own prior findings-regarding the two-point enhancement for obstruction of justice that it used in sentencing Carter. There were two independent grounds for the Court's finding of obstruction of justice.

First, the Court found that Carter's admission to harassing a witness, Bridget Lawson, was a proper basis for an obstruction enhancement.  Carter has since alleged that he acknowledged harassing Lawson based on the faulty advice of his counsel, who told him incorrectly that such an admission could not increase his sentence.  Carter assets that this advice constituted ineffective assistance of counsel.

Second, and in the alternative, the Court found that the obstruction enhancement was justified by Carter's instructions to Bradley Columbia not to testify before the grand jury.  The Court finds that Carter did not merely suggest that Columbia assert his Fifth Amendment rights, but had offered to forgive his drug debt in exchange for his non-cooperation.  Columbia specifically testified that Carter told him, "[I]f I didn't say anything that I wouldn't have to pay for [the drug debt]." (Tr. 197:13-14.) In addition, a second witness recalled that something was mentioned about Carter forgiving Columbia's drug debt.  Based on the evidence presented, the Court finds that Carter did offer to forgive Columbia's drug debt if he would not cooperate, and that his specific intent in making that offer was to obstruct justice.  Carter's instructions to Columbia are therefore an independent ground that amply supports the two-point enhancement.

The Petitioner's motion to vacate, set aside or correct his sentence pursuant to U.S.C. § 2255 (Papers 209 and 230) is **DENIED.**

Pursuant to Fed. R. App. P. 22(b), a certificate of appealability is DENIED because the petitioner has failed to make a substantial showing of denial of a federal right. Furthermore, the petitioner's grounds for relief do not present issues which are debatable among jurists of reason, which could have been resolved differently, or which deserve further proceedings. See e.g., Flieger v. Delo, 16 F.3rd 878, 882-83 (8th Cir. 1994); Sawyer v. Collins, 986 F.2d 1493, 1497 (5th Cir. 1993).

Furthermore, it is certified that any appeal of this matter would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

THIS CASE IS CLOSED.

Dated at Burlington, in the District of Vermont, this 2nd day of November, 2006.

/s/ William K. Sessions III
Hon. William K. Sessions III
Chief Judge